# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM FREDRICKSON,<br> Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 19-CV-4889 |
| ATTORNEY GENERAL,<br> Defendant. | :<br>:<br>: |

## MEMORANDUM

**SCHILLER, J.**                                 **JANUARY 31, 2020**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Tim Fredrickson, proceeding *pro se*. Also before the Court is Fredrickson's Motion to Proceed *In Forma Pauperis* (ECF No. 1).[1] Because it appears that Fredrickson is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS[2]

Fredrickson, a prisoner currently incarcerated at Mercer County Jail in Aledo, Illinois, brings this action challenging the constitutionality of several provisions of the United States Criminal Code alleging that these provisions are overbroad and violate his right to freedom of

---

[1] By Order entered October 24, 2019, the Court initially denied Fredrickson's request to proceed *in forma pauperis* without prejudice based on his failure to submit a certified copy of his prisoner account statement. (ECF No. 4 at 1-2.) The Court granted Fredrickson thirty days to file the required account statement, which Fredrickson subsequently filed with the Clerk of Court. (*See* ECF No. 5.) Accordingly, Fredrickson's Motion to Proceed *In Forma Pauperis* is now properly before the Court for review.

[2] The facts set forth in this Memorandum are taken from Fredrickson's Complaint.

speech under the First Amendment.[3]  (ECF No. 2 at 1-3.)  The only named Defendant is the "Attorney General."  (*Id.* at 1.)  Although the Complaint does not explicitly make it clear, given that Fredrickson is challenging a federal criminal statute, it appears he is suing the Attorney General of the United States, as opposed to the Attorney General of the Commonwealth of Pennsylvania.

Specifically, Fredrickson seeks to challenge the constitutionality of 18 U.S.C. §§ 2251 and 2252, which deal with the production, possession, distribution, and receipt of child pornography.  Frederickson claims that §§ 2251 and 2252 have "chilled" his speech to "16, 17, 18, and 19 year old adults in Philadelphia County Pennsylvania" during the course of his "search for a life partner and paramore [sic]."  (*Id.* ¶ 1.)  According to Fredrickson, despite the fact that this "group of adults are freely able to consent to sexual conduct under federal law[,]" he fears "that any sexting" he may engage in with these individuals "will result in a 15 year jail sentence based on the content of" the messages pursuant to § 2251.  (*Id.* ¶ 2.)  Fredrickson further contends that §§ 2251 and 2252 are "overbroad in their coverage of consenting 16 & 17 year old spouses and college students, in part because the statutes can be more narrowly tailored[,]" and should be subjected to strict-scrutiny when reviewed for constitutionality.  (*Id.* ¶¶ 5-6.)  Frederickson's challenge is "brought facially and as applied to the consentual [sic] intimacies of college students (spousal or not) age 16 and 17."  (*Id.* ¶ 7.)  As relief, Fredrickson "request[s] any relief . . . this federal court deem[s] just, equitable, or proper."  (*Id.* at 4.)

By way of background, it is pertinent that in March of 2017, Fredrickson was indicted by a grand jury in the United States District Court for the Central District of Illinois at Rock Island on one count of Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e).  *See*

---

[3]  The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

2

*United States v. Fredrickson*, C.D. Ill. Crim. A. No. 17-cr-40032, Indictment (ECF No. 13 at 1.) As alleged in the criminal complaint, the charges against Fredrickson stemmed from a series of communications between Fredrickson, age 27 at the time, and a 16-year-old female, wherein Fredrickson allegedly requested and received images and videos of a sexual nature from the female minor. *Fredrickson*, Crim. A. No. 17-cr-40032, Complaint (ECF No. 1, ¶¶ 3-5.) The docket in the criminal matter reflects that Fredrickson recently went to trial on these charges on January 21, 2020. *Fredrickson*, Crim. A. No. 17-cr-40032, Minute Entry, Jan. 21, 2020; *see also* Writ of Habeas Corpus Ad Prosequendum, (ECF No. 139) (commanding the Sheriff of the Mercer County Jail and the United States Marshal to transport Fredrickson and produce him for trial by 8:30 AM on January 21, 2020). On January 22, 2020, the jury found Fredrickson guilty of sexual exploitation of a child as alleged in the indictment. *Fredrickson*, Crim. A. No. 17-cr-40032, (ECF No. 154), Jury Verdict. At this time, it appears that Fredrickson has been remanded to the custody of the United States Marshal, and his sentencing is set for June 2, 2020. *Fredrickson*, Crim. A. No. 17-cr-40032, Minute Entry, Jan. 22, 2020.

Also relevant here, on January 7, 2020, Fredrickson, through his criminal counsel, filed a "Motion to Dismiss on Constitutional Grounds" which challenges the constitutionality of 18 U.S.C. § 2251(a), specifically on the grounds that the statute is overly broad. *Fredrickson*, Crim. A. No. 17-cr-40032, Mot. to Dismiss (ECF No. 142 at 1-2). In his criminal matter, Fredrickson argued that any conviction under this overly broad criminal statute would violate his First Amendment rights and the charges against him should be dismissed. *Fredrickson*, Crim. A. No. 17-cr-40032, Brief in Support (ECF No. 142-1 at 4-5). Much like the present civil matter, Fredrickson similarly argued in the criminal matter that the overbreadth of the criminal statute infringes upon the right of Fredrickson and a consenting minor to communication with one

another. (*Id.* at 4.) On approximately January 17, 2020, the Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois at Rock Island, held oral argument on Fredrickson's motion in the criminal matter and denied the motion. *Fredrickson*, Crim. A. No. 17-cr-40032, Minute Entry, Jan. 17, 2020.

## II. STANDARD OF REVIEW

The Court will grant Fredrickson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Fredrickson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

While Fredrickson does not specify the nature of his suit, it appears that he is attempting to bring claims pursuant to either 42 U.S.C. § 1983, or by way of a *Bivens* action. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

---

[4] However, because Fredrickson is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

4

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

Even under the most liberal construction, Fredrickson's Complaint can only be viewed as an attempt to challenge the constitutionality of 28 U.S.C. §§ 2251, 2252 as violative of the First Amendment. In his prayer for relief, Fredrickson "request[s] any relief . . . this federal court deem[s] just, equitable, or proper." (ECF No. 2 at 4.) It therefore appears that Fredrickson seeks equitable relief in the form of a declaration by this Court regarding the constitutionality of the relevant federal criminal statutes. However, even assuming the existence of a Bivens claim here, the Court cannot "ignore[] the basic tenet of equity jurisprudence: if an adequate remedy at law exists, equitable relief will not be granted." *See Goadby v. Philadelphia Elec. Co.*, 639 F.2d 117, 122 (3d Cir. 1981); *see also Iacona v. United States*, 343 F. Supp. 600, 603 (E.D. Pa. 1972) (noting that "[w]here an adequate remedy at law exists, equitable relief will not be granted."). The Third Circuit has previously concluded that a person indicted for violating a federal criminal statute has an adequate remedy at law if the question can be raised in the criminal prosecution. *See, e.g., Majuri v. United States*, 431 F.2d 469, 473 (3d Cir. 1970).

Here, the criminal action in the Central District of Illinois at Rock Island is still pending before the Honorable Michael M. Mihm, and Fredrickson had the opportunity to raise any objections regarding the constitutionality of the federal criminal statutes under which he has been indicted in that matter. More importantly, Fredrickson's counseled motion to dismiss the criminal charges was made on a nearly identical basis to the Complaint here regarding the constitutionality of the federal criminal statutes under which he was indicted. That motion has

5

already been argued, ruled upon, and denied by Judge Mihm.  Accordingly, any claims requesting that this Court separately rule on the constitutionality of the statutes and issue equitable relief where Fredrickson has already availed himself of an adequate remedy at law will be denied.  Fredrickson's Complaint does not state a plausible claim for relief and will be dismissed with prejudice as amendment would be futile in light of the nature of his claims and pending criminal matter in the Central District of Illinois at Rock Island.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Fredrickson leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  An appropriate Order follows.